# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ANDREW MOORE, | No. CV 22-00594-SVW (DFM) |
| Petitioner, | Order Summarily Dismissing Petition Without Prejudice for Lack of Jurisdiction |
| v. | |
| B. BIRKHOLZ, | |
| Respondent. | |

## I.   BACKGROUND

In 2002, Petitioner Andrew Moore, Jr. was convicted in the United States District Court for the Northern District of Georgia of conspiracy to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act and other offenses. He was sentenced to forty years. The Eleventh Circuit affirmed his conviction on direct appeal. See United States v. Pipkins, 378 F.3d 1281, 1285 (11th Cir. 2004), cert granted, judgment vacated, 544 U.S. 902 (2005), and opinion reinstated, 412 F.3d 1251 (11th Cir. 2005).

In 2010, the Northern District of Georgia denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Eleventh Circuit denied his request for a certificate of appealability. In 2016, and again in 2019, the Eleventh Circuit denied Petitioner's Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence.

In January 2022, Petitioner filed the instant Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. See Dkt. 1. Liberally construed, Petitioner contends that the Trafficking Victims Protection Act was retroactively applied to him, in violation of the Ex Post Facto Clause. See id. at 3-4; see also Weaver v. Graham, 450 U.S. 24, 31 (1981) ("The critical question [for an ex post facto violation] is whether the law changes the legal consequences of acts completed before its effective date.").

## II.  DISCUSSION

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The Ninth Circuit has entertained § 2241 petitions challenging, for example, the BOP's discretionary denial of a designation that would have shortened a prisoner's federal sentence, see Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016), and the BOP's ranking system for placing eligible inmates on the BOP's Residential Drug Abuse Program wait list, see Close v. Thomas, 653, 970, 974 (9th Cir. 2011).

Here, by contrast, Petitioner clearly attacks the validity of his sentence, not its execution. See, e.g., Dkt. 1 at 3 ("The conduct charged in the indictment pertaining to me was improperly construed to the jury by the government to get a conviction out of me."), id. ("I was not able to launch a proper defense . . . ."). Petitioner cannot avoid the restrictions of a § 2255 petition by styling it as a § 2241 petition. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions."); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).

There is an exception, however, set forth in § 2255: A federal prisoner may file a § 2241 petition to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This section of § 2255 is referred to as the "savings clause" or the "escape hatch." A § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. Stephens, 464 F.3d at 898.

Petitioner does not satisfy either requirement. To make a claim of actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). Petitioner makes no effort at all to suggest he is innocent of his crimes. And by Petitioner's own admission, the Trafficking Victims Protection Act was passed in October 2000. Petitioner thus had an unobstructed procedural shot to bring his ex post facto claim on direct appeal and in his § 2255 motions.

Petitioner has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. Accordingly, Petitioner may not bring his claims in a § 2241 petition.

///
///
///
///
///
///
///
///
///

## III.   CONCLUSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits thereto that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. The Court has no jurisdiction over the Petition because it falls under § 2255 and not § 2241. See Stephens, 464 F.3d at 899. The Petition, which is properly brought under § 2255, must be brought in the Northern District of Georgia and with the permission of the Eleventh Circuit. See id. at 897 ("A § 2255 motion must be filed in the district where the defendant was sentenced."); 28 U.S.C. § 2255(h) (providing that second or successive § 2255 motions must be certified by court of appeals).

Let Judgment be entered dismissing this action without prejudice for lack of jurisdiction.

Date:   February 9, 2022

STEPHEN V. WILSON
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge

4